## Commonwealth v. Ellenberger

*Edward B. Doran*, Assistant District Attorney, for Commonwealth.

*Leonard R. Reeves* and *Emmett C. Boyle, Jr.*, for defendant.

KEIM, J., July 1, 1966.—This matter is before the court en banc on petition to quash complaint and proceedings for various reasons set forth in the petition, the main reason being that defendant was not furnished with a copy of the information or complaint at the time of his arrest on view. In our opinion, the other items mentioned in the petition are without merit. However, in the charge of driving while under suspension, section 1204 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1204, reads as follows:

. "(a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and in all cases of arrest such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and *at once furnish a copy thereof to the person arrested*". (Italics supplied.)

The information does not clearly set forth that it was an arrest on view. However, the accompanying testimony indicates that it was an arrest on view, and, in fact, petitioner was committed to jail in default of bail in the amount of $500. All of the papers, including the information and the testimony taken before the squire, indicate that defendant was not furnished a copy of the information when arrested on view as required by the Act of Assembly pertaining to arrest for either a felony or a misdemeanor. For this reason, and the district attorney's office agrees, the information charging defendant with driving while under suspension and the summary conviction should both be quashed as requested, the summary conviction for the additional reason that the information was not taken before the nearest available magistrate and other numerous reasons mentioned in the petition to quash.

### Order

And now, to wit, July 1, 1966, the within petition to quash complaint at the above number and term as to "Driving While Under Suspension" and the summary conviction is hereby sustained, the county to pay the costs, and any cash bond furnished in the within matter to be returned to petitioner.